## Shaw Relief-Valve Co. *v.* City of New Bedford.[1]

### (*Circuit Court, D. Massachusetts.* February 2, 1886 )

1. PATENTS FOR INVENTIONS—AUTOMATIC RELIEF-VALVES.
   Patent No. 101,814, of April 12, 1870, to Arthur M. Black, and patent No. 120,958, of November 14, 1871, to James Garland, construed, and *held* that, in view of what prior inventors had accomplished, said patents must be limited to the specific mechanisms described, or their equivalents.
2. SAME—INFRINGEMENT.
   Valves made in accordance with the description in patents No. 134,435, of December 31, 1872, and No. 143,920, of October 21, 1873, to Alvarado Mayer, do not infringe either the Black or the Garland patents.

In Equity.

*Chas. H. Drew,* for complainant.

*Sprague & Hunt* and *L. Le B. Holmes,* for defendant.

COLT, J. This suit is brought for infringement of two patents for improvements in automatic relief-valves: one granted to Arthur M. Black, April 12, 1870, and the other granted to James Garland, November 14, 1871.

Many prior patents for valves are introduced by the defendant. Their examination shows that, in view of what prior inventors had accomplished, the Black and Garland patents must be limited to the

[1] Reported by Charles C. Linthicum, Esq., of the Chicago bar.

specific mechanism, or its equivalent, described in the patents. It is apparent, on inspection, that the defendant's valve, made under the Mayer patents, dated December 31, 1872, and October 21, 1873, is widely different in construction from the valve of Black. In both devices we find what is common to most safety or relief valves, namely, a pressure chamber, safety-valve, spring at the valve-seat, and means for adjusting the spring; but in defendant's valve we find no clamp for retaining the relief-valve in position until the safety-valve causes the clamp to open, nor is the relief-valve provided with any spring, or its equivalent. Aside from certain elements common to most safety-valves, the specific mechanism of the defendant's device is substantially different from that described in the Black patent. The broad claim of the Black patent must be limited to the particular mechanism described and shown in the specification and drawings.

Nor does the defendant's valve infringe the Garland patent. It is organized in a substantially different way from the Garland valve. It has two pistons instead of one, each working in its own cylinder over the relief-valve and above the water-way; and there are other material differences in construction, which we do not deem it necessary to detail. Whether the same "equilibrium of pressure" is accomplished by both devices is doubtful; but, however, this may be, the means employed are substantially unlike.

A decree must be entered dismissing the bill.